**Paula A. Barran,** OSB No. 803974
pbarran@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| JOHN DOE, | CV. 3:19-cv-00130-SI |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| v. | |
| REED COLLEGE, | |
| Defendant. | **(Oral Argument Requested)** |

This memorandum is filed by defendant Reed College (more properly named The Reed Institute) in opposition to plaintiff's request for a restraining order and injunction.  Plaintiff asks the court to forbid Reed College, a private institution, from conducting a fact finding hearing which was requested by another student pursuant to Reed's published policies.  Jane Roe, the reporting student who requested the hearing, has alleged that plaintiff violated Reed policy by having nonconsensual sex.[1]

Reed asks the court to deny plaintiff's motion.  There is no imminent threatened injury to plaintiff.  Instead, Reed has scheduled a hearing, the purpose of which is to learn the facts from plaintiff, Roe, and witnesses, to make a determination, and to evaluate whether a sanction is

---

[1] Roe presents as non-binary and uses the pronouns "they" and "them."  Defendant will attempt as much as possible to use the pseudonym in order to facilitate the court's review.

Page 1 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

merited.  Every argument plaintiff makes here can be made before the hearing board.  Nothing that takes place in such a hearing can or will impair the court's ability to grant effective relief in the lawsuit if the court concludes that relief is merited.  The harm that plaintiff alleges here is that a hearing has been scheduled.

## BACKROUND AND FACTS

The dispute in this case arises from the relationship between plaintiff and Roe, and most particularly the events of the night of April 22-23, 2016.  Roe made a report to Reed pursuant to the college's DHSM (the Discriminatory Harassment and Sexual Misconduct Policy).  The DHSM is a Reed community policy that establishes community norms, emphasizes the obligation to respect the dignity and autonomy of others, and prohibits forms of discrimination, harassment, and sexual misconduct.  In that breadth it enforces Title IX, but also Title VI, state law, and the college's Honor Principle.

On August 17, 2017, at or after the end of their personal relationship, Roe presented a report alleging multiple instances of nonconsensual sexual contact.  One of those alleged instances was a complaint on what occurred the night of April 22-23, 2016 when Roe had become very intoxicated and alleged incapacity but stated that Doe engaged in sex anyway, without consent. The DHSM instructs that consent is to be "conscious, relevantly informed, and fully voluntary agreement to, or permission for, an act" and that silence or inaction are not themselves sufficient, and that consent to one form of sexual activity does not by itself constitute consent to further sexual activity.  Those are principles that were in place and published at Reed during the time in question here.  Reed encourages reporting.

The DHSM makes clear that a report is not a complaint.  It is what it says, a report.  Under the DHSM, all internal reports are attended to and there is an investigation suited to the nature of the report.  The DHSM explains: "investigations will not in themselves result in disciplinary action; disciplinary action may arise only through the resolution of formal complaints.

Page 2 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Investigations may yield the initiation of a formal complaint by the Title IX Coordinator (or designee thereof)." Reed's process is summarized in the FAQs which are Exhibit A hereto.

When Roe made the report, Reed conducted an investigation through its Community Safety Office. The investigative findings found insufficient evidence to support Roe's allegations except for those related to April 22-23, 2016. Those allegations of nonconsensual sex were substantiated on a preponderance of the evidence.

On March 5, 2018 plaintiff appealed the findings. The appeal was the responsibility of Vice President Michael A. Brody, in his role as Title IX Coordinator. Brody's written decision is Exhibit B hereto. He reviewed the "voluminous" record from the investigation, and considered all available and relevant facts from the appeal file as well as those submitted by Doe in his appeal. He also held a personal interview with Doe. He prepared a careful explanation of the rationale for his decision which included, in part, Doe's credibility. "You provided a substantially inaccurate and highly suspect timeline during the investigation and during our subsequent conversation on April 10, 2018." "You provided various descriptions of [Roe's] level of intoxication, acknowledging that They were intoxicated or impaired and also stating that you did not know to what degree." "Testimony from multiple witnesses indicates that [Roe] was severely intoxicated." "You made a conscious guess that [Roe] had sobered up sufficiently to consent to sex."

Brody's decision on appeal confirmed the investigative findings. But Reed policy does not provide for discipline to be imposed through an investigation; Reed policy provides a complaint process, and the complaint process in turn leads to the hearing about which plaintiff now complains.

Any person can initiate a complaint under the DHSM. In this case, when the appeal was finalized (April 2018) Roe was not known to be on campus. In December 2018, Roe initiated such a complaint.

//

Page 3 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff objects to Reed's accepting Roe's complaint; but Reed policy provides that right, just as it provided plaintiff a right to make a report naming Roe, which resulted in an investigation of Roe and findings against Roe. Reed policy provides plaintiff the same right to initiate the complaint process as it provided Roe. Brody's April 16, 2018 letter made that clear to plaintiff and to Roe on the very first page: "both you and [Roe] have been informed that you have the right to refer this case to Reed's Title IX Board, to report to law enforcement and/or to pursue other legal action; you both retain that right." Plaintiff's argument, that Roe is the only person who could unilaterally decide whether to seek a hearing, is contradicted by the appeal letter provided to plaintiff as well as by Reed policy.

Plaintiff was notified in writing on January 11, 2019 that Roe had made a complaint. The notice letter and other pertinent correspondence is Exhibit C. He was notified that a hearing would be scheduled the first week of classes, and on January 16, 2019 requested a postponement until after January 28, 2019, which request was granted.

The notice also included information from a procedural aide assigned to him, who gave him different times during which she was available to meet, invited him to "please let me know if you have any schedule conflicts at these times during the first week of class." He met with his assigned procedural aide (on January 18, 2019) and reviewed the complaint and hearing documents. The date had already been postponed when, on January 27, 2019, the parties were notified that the hearing would be held on January 31, 2019.

<u>**DISCUSSION**</u>

A preliminary injunction "represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it" and will not issue "unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action." *Howard v. Riley*, 2017 U.S. Dist. LEXIS 207132 *3 (D. Or. Dec. 15, 2017). Plaintiff's request does not meet this standard.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

A student has alleged that Doe committed a sexual assault and has requested a hearing before a regularly constituted Title IX hearing board in compliance with Reed's published policies. Fact finding in such a matter is an issue of importance, and Reed has policies in place to provide a forum for such a determination. Plaintiff has already learned, though an investigation, that investigative findings support Roe's allegation, and Reed policy permits Roe to seek a resolution through the published complaint policy.

Plaintiff has been subject to these policies since he matriculated. He was subject to them in 2016, and is subject to them today. His argument asks the court to deprive Roe of the process that Roe has been promised. His opinion is that Reed mishandled this case by finding him in violation of policies; Roe disagrees and asserts that his conduct violated the DHSM; the evidence in the record which Brody considered supported Roe's allegations about the April, 2016 night.

Whether or not a fact finding hearing is held now will not deprive the court of the opportunity to address any arguments or allegations raised in plaintiff's pending action.

**A.    Plaintiff Has Not Provided A Sufficient Basis to Show That He Has a Strong Likelihood of Success on the Merits**

Plaintiff argues that Reed College failed to address issues related to this complaint in a prompt manner. That, however, is inaccurate. Reed received a report, and conducted an investigation that was appropriate to the nature of the report. Reed also received a report made by plaintiff against Roe. It conducted an investigation on that report (and found in plaintiff's favor). Plaintiff secured counsel who filed an appeal on his behalf March 5, 2018; that appeal was decided April 16, 2018, following a review of a voluminous record and an additional personal interview with the plaintiff. Vice President Brody's analysis and evaluation shows considerable care. His decision, upholding the finding of a Reed policy violation, was supported by the written record, did not include evidence to which the plaintiff had objected, and relied upon a personal face-to-

Page 5 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

face discussion with the plaintiff. Roe notified Reed in December 2018 of the desire to assert a complaint and schedule a hearing, and plaintiff was notified at the beginning of the term.

Plaintiff's arguments are clear that he is not really complaining about the processing of the initial report or the appeal, but rather that Roe has the right to make a complaint for a longer period of time than he thinks should be allowed. But it is not uncommon for a student to delay making a report or a complaint of sexual assault. Such an event in a student's life can cause trauma, lead to counseling, and require processing. In any event, no law requires a victim of an assault to make a decision about such an event in any particular amount of time. From the perspective of a college such as Reed, once placed on notice its policies, its Honor Principle, and the considerations of the community's interests all mandate that it follow up on a report or a complaint as long as it has a relationship with one of the persons involved.

Plaintiff is asking the court to set an artificial limit to the time period within a student might bring a complaint of having been sexually assaulted on a campus. Such a request is unsupported in the law. A "statute of limitations," after which a student cannot report a perpetrator of sexual violence, does nothing to assist institutions of higher education to address the very real problem of assaults on campus.

Plaintiff asserts that Reed's policies would allow a complainant or victim of assault more time to request a college hearing than to file a lawsuit under Oregon law. That, however, does not mean that the college may not have a policy to permit a longer period of time. This is not a lawsuit under state law. This is hearing scheduled under a policy which permits it. Moreover, Roe did not wait three years to make a report. The incident in question occurred April, 2016 and the first report was made August 10, 2017. The intervening procedural steps resulted from plaintiff's appeal, not from action or inaction by Roe.

The fact that there may be a different statute of limitations for a lawsuit under Oregon state law does not inform the larger question of whether there should be a date by which a student can

Page 6 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

no longer complain about a sexual assault.  Plaintiff asks the court to craft such a deadline; Reed argues that the court should not accept that invitation.  Any student might be enrolled for four or five years, sometimes longer.  A student who experienced a sexual assault may carry the impact of that though all those years as a student when a college may be able to take some action even if the report arrives one, two, or three years after the event.  A student who perpetrated an assault may present a risk to others for the full time enrolled, and that student's very presence may cause further trauma.   No law, no regulation, imposes a bright line deadline that tells students that the college will not accept a report or complaint after some defined amount of time, and if a college attempted to include such a deadline in its policies they would likely be found seriously deficient.

**B.**      **The Public Interest Does Not Favor Injunctive Relief in This Case**

Plaintiff argues that this is simply a dispute between him and Reed College.  That ignores Roe.  The complaint which resulted in the scheduling of a hearing was not initiated by Reed.  It was initiated by another student who has the right to a hearing as guaranteed by policy.  Roe alleges that plaintiff caused harm through nonconsensual sexual misconduct.  There is sufficient probative evidence of such misconduct to warrant a hearing.  The enforcement of the DHSM and Reed's Honor Principle are matters of concern not just Roe, but also to the Reed community.

Reed's processes adequately protect plaintiff.   He disputes the findings from the investigation.  The hearing process will allow him to present his evidence, and his position, and make his arguments.  He has counsel who serve as his advisers.  If the court were to accept plaintiff's arguments, it would be making plaintiff the arbiter of who gets to have a hearing, even though Reed's policies guarantee a hearing to any student who has an issue to raise.  The public interest should not permit plaintiff to foreclose a hearing where credible evidence of misconduct exists.  See *Szanto v. JP Morgan Chase Bank, NA*, 2018 U.S. Dist. LEXIS 142410 (D. Or. Aug. 21, 2018) (refusing to grant temporary restraining order or preliminary injunction to enjoin proceedings in the bankruptcy court pending resolution of other claims; the fact that the bankruptcy

Page 7 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

court had scheduled a contempt hearing the outcome of which was a foregone conclusion "will not affect this court's evaluation of the merits of Szanto's appeal or claims, or Szanto's credibility"). The same is true here. The outcome of the Title IX hearing at Reed College will not affect the court's considerations of the claims asserted in this lawsuit. He is not irreparably harmed by participating in a hearing.

**C.      Plaintiff Fails to Produce Evidence That Reed's Policies Are Discriminatory**

Plaintiff argues that Reed's policies are in place because of an overwrought concern about sexual assault on campus. Defendant disagrees with plaintiff's opinion about the importance of this issue but, regardless, plaintiff has not provided the court with anything other than his opinion to suggest that how his issues were handled was in any way the product of sex discrimination. Plaintiff was held responsible for only one of the several allegations made against him, based on articulated reasons that are about consent, intoxication, incapacitation, policy requirements, and credibility. At the same time, Roe was also investigated and deemed responsible as a result of plaintiff's report.

The purpose of the hearing is to determine the facts. The investigation concluded that plaintiff had violated Reed's discriminatory harassment and sexual misconduct policy. That was based on an investigation; the hearing is an opportunity to either support those findings (as Roe seeks to do) or to dispute them (as plaintiff may do).

The court should not accept upon plaintiff's say so that it is discriminatory to have such a hearing in his case.

**D.      The Balance of Hardships Does Not Favor Plaintiff**

Plaintiff argues that he will be irreparably harmed by the mere fact of having to proceed with the hearing. He argues that, by contrast, the college suffers no harm by refusing to proceed with a hearing. Plaintiff has left Jane Roe out of this calculus. If the court refuses to permit a hearing to proceed, Jane Roe will have been deprived of rights guaranteed under Reed's policies.

Page 8 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff began his career at Reed knowing and understanding that the DHSM and the Judicial Board and Title IX Board processes were in place. It is not a hardship to permit the college to proceed with what is required under its policies – to allow Jane Roe to request a hearing for a wrong alleged to have been committed, particularly when the investigative process has found substantial evidence that such a wrong did occur.

**E.    The Court Should Deny Plaintiff's Motion for Failing to Give Adequate Notice to Defendant**

Despite being notified as early as January 11, 2019 that there would be a hearing scheduled the first week of classes, plaintiff waited more than two weeks to file this lawsuit and the accompanying motion for a restraining order or injunction. See *Rabun v. Quality Loan Serv. Corp.*, 2018 U.S. Dist. LEXIS 136033 (D. Or. Aug. 13, 2018), holding "a motion for a temporary restraining order may be denied simply on the basis that timely and adequate efforts were not made to notify the opposing side or when there is no justifiable reason for issuing a temporary restraining order without providing fair notice and a reasonable opportunity to be heard in opposition." Defendant knows of no efforts to contact it in advance of this filing, and plaintiff has not provided any evidence that he instructed his counsel to do so. Instead, after receiving notice on January 11, 2019 that there would be a hearing, plaintiff requested an extension until after January 28, 2019 so that he could adequately prepare for an examination and learn more about the complaint. He scheduled a personal meeting with his procedural aide for January 17, 2019, having already sought advice from his "student advisors" in Cleveland (presumably his counsel). At some point between January 11, 2019 and January 28, 2019, plaintiff could have contacted defendant to provide notice. He waited, instead, until the court would have no choice but to schedule an immediate hearing.

//

//

//

Page 9 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## **CONCLUSION**

Reed asks the court to deny the requested restraining order and injunction.


DATED this 29th day of January, 2019.

BARRAN LIEBMAN LLP


*s/Paula A. Barran*
By _____
Paula A. Barran, OSB No. 803974
pbarran@barran.com

Attorneys for Defendant Reed College

Page 10 - DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2019, I served the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** on the following party at the following address:

Jeffrey M. Edelson
Markowitz Herbold PC
1211 SW 5th Ave., Suite 3000
Portland, OR  97204-3730
jeffedelson@markowitzherbold.com

Susan C. Stone
Kristina W. Supler
Kohrman Jackson & Krantz, LLP
1375 East 9th Street, 29th Floor
Cleveland, OH  44114
scs@kjk.com
kws@kjk.com

Attorneys for Plaintiff

by the following indicated method(s) set forth below:

☑ **Electronic Filing Using the Court's ECF System**

☐ **Email**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

*s/Paula A. Barran*
_____
Paula A. Barran

Page 1 – CERTIFICATE OF SERVICE